IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Recardo D. Blakney, ) | C/A No. 4:05-2195-CMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Detective J.F. Goines; Darlington County ) | |
| Sheriff's Office; Magistrate Guy Bell; ) | |
| Fourth Circuit Solicitor Jay Hodge; and ) | |
| Public Defender Robert Kilgo, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff claims he is being held under false charges, that he has been denied due process, and that his attorney lied in court about the amount of bond set in this case. Plaintiff seeks monetary damages in the amount of $5 million for "mental distress and losing five months of my life." Cmp. at 5, filed Aug. 5, 2005.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation. On September 13, 2005, the Magistrate Judge issued a Report wherein he made three recommendations. First, the Magistrate Judge recommended Defendants Darlington County Sheriff's Office, Hodge, and Kilgo be dismissed without prejudice and without issuance and service of process. Second, the Magistrate Judge recommended the case against Magistrate Judge Guy Bell be dismissed with prejudice. Finally, the Magistrate Judge recommended the case against Defendant Goines proceed. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews the Report and Recommendation for clear error only in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

On the same day the Magistrate Judge issued his Report and Recommendation, he also issued an order directing the Clerk to issue a summons for Defendant Goines. On September 27, 2005, Goines was served with process. On October 10, 2005, an answer was filed by counsel on behalf of *all* Defendants, asserting a variety of defenses.

The court has reviewed the record and the Report and Recommendation of the Magistrate Judge. All Defendants except Defendant Goines are entitled to dismissal because of the immunities outlined in the Magistrate Judge's Report and Recommendation. The court, therefore, adopts this portion of the Report and Recommendation. However, the court declines to adopt the portion of the Report recommending that the case proceed against Goines.

The only surviving portion of the complaint, after dismissal of the other Defendants, is

Plaintiff's claim of his placement in administrative segregation without cause.[1] *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (allegations in *pro se* complaint should be liberally construed). Plaintiff makes no assertions in his complaint that Goines had anything to do with this placement. Therefore, Plaintiff's complaint fails to state a claim against this Defendant.[2]

Accordingly, it is

**ORDERED** that this action is **dismissed <u>with</u> prejudice and without issuance and service of process** as to Magistrate Judge Bell. The complaint is **dismissed without prejudice and without issuance and service of process** against Defendants Darlington County Sheriff's Office, Hodge, and Kilgo.[3]

**IT IS FURTHER ORDERED** that the action against Detective J.F. Goines is dismissed without prejudice.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 18, 2005
C:\temp\notesE1EF34\~2626711.wpd

---

[1] Plaintiff's complaint alleges that "I've been in maximum security meaning I'm locked down 23 hrs [sic] a day. I haven't been proven of no crime but they taken [sic] away all my privliges [sic]." Cmp. at 4, filed Aug. 5, 2005.

[2] Plaintiff's only other mention of Goines in the complaint is that he (Plaintiff) was incarcerated after an investigation by Goines and that "Det. Goines used the color of a vehicle to get [the Magistrate] to issue the warrents [sic] . . . ." Cmp. at 3, filed Aug. 5, 2005. This recitation of facts in Plaintiff's complaint states no cause of action against Goines.

[3] Even though Defendants Darlington County Sheriff's Office, Bell, Hodge, and Kilgo answered, summonses were not issued by the Clerk of Court, nor was process authorized. The only defendant for whom a summons was issued and served by the United States Marshal was Goines.

3